M. J. DANKWARDT, Appellant, v. THE PRUSSIAN NATIONAL INSURANCE COMPANY, et al. AND M. J. DANKWARDT, Appellant, v. THE FIRE ASSOCIATION OF PHILADELPHIA, et al.

Contract to Insure: RIGHT TO INSURANCE MONEY. The vendor of real property under a contract that the vendee shall keep the "premises" insured for his benefit has no right to insurance money arising from the loss of buildings constructed by the

vendee with right of removal prior to the contract of purchase, and which were treated by both parties as personal property and not as a part of the "premises."

*Appeal from Des Moines District Court.*—Hon. Jas. D. Smyth, Judge.

Saturday, February 13, 1904.

Suits in equity to recover on fire insurance policies issued to the defendant Mary E. Bonn. There was a judgment for the defendants. The plaintiff appeals.—*Affirmed.*

*C. L. Poor* for appellant.

*W. E. Blake* and *Chas. Willner* for appellees.

Sherwin J.—Prior to the 6th day of March, 1899, John Schlampp owned a park in the city of Burlington, consisting of about six acres of ground, which was leased to the defendants Bonn for amusement purposes. The Bonns had improved it by erecting thereon a large pavilion, a bar, popcorn, lunch, and ice-cream stands, all of which they had the right to remove under the terms of their lease from Schlampp. The plaintiff bought this land of Schlampp, paying therefor $5,000. Preceding the purchase, however, Bonn and the plaintiff entered into a contract whereby the plaintiff was to purchase the land, and to execute a contract for its conveyance to Bonn, and whereby he also agreed to furnish Bonn $1,000 for paying debts and improving the park. The contract price of the land was to be $7,000, which was to cover also the $1,000 actually furnished Bonn. On the 6th day of March, 1899, the parties executed a written agreement by the terms of which the plaintiff was to convey the land described together with all fixtures and improvements thereon to the defendant Mary E. Bonn upon the payment of $7,000, as therein provided. The contract also contained the provision that the defendant was to keep "said premises insured in the sum of three thousand dollars" for the use and benefit of the plaintiff. On the same day the defendant

Mary E. Bonn executed and delivered to the plaintiff an instrument designated a "bill of sale," which purported to sell and convey to her "the buildings, improvements, fixtures and all personal property of every description" belonging to Mary E. Bonn, and then being on the land in question. The instrument provided, however, that it was "supplemental to the contract for the purchase of said real estate * * * and when the payments called for in said agreement are made this bill of sale to be void." The buildings and improvements covered by this instrument were insured by Mrs. Bonn for her own benefit, and were later burned, and the plaintiff seeks to recover the insurance thereon; basing her right to a recovery upon the terms of the written contract for the conveyance of the land to the defendant, and upon the stipulation to keep the premises insured for the benefit of the grantor. At the time the plaintiff bought the land, there were buildings and improvements thereon, aside from those placed thereon by the defendant and belonging to her, which were insured by the defendant for $2,900. These buildings were not burned.

The appellant contends that the buildings and improvements placed on the land by the defendant Bonn while he was the lessee thereof were transferred to, and became the property of, the plaintiff, under the instrument called a "bill of sale," to which we have heretofore referred, and that the agreement to keep the premises insured necessarily means that all buildings and improvements on the land at the time the contract was executed were to be kept insured for the plaintiff's benefit. It is very evident, however, that the so-called bill of sale was not intended to transfer the absolute title of the property, and that it did not, in fact, do so. In terms that are plain and unmistakable, it says that it is security only for the payments called for in the contract for the land. But if this were not the plain language of the writing, the evidence shows that such was the intent of the parties. The buildings and improvements covered by the bill of sale were worth at that time over $2,000, at the lowest estimate,

and they were conceded to be the property of the defendant. The plaintiff put $6,000, all told, into the transaction, on which he was to receive a profit of $1,000 under his contract of sale to the defendant; and, if the plaintiff's contention be true, the defendant not only agreed to pay this bonus of $1,000, but conveyed to the plaintiff absolutely property worth at least $2,000 more, thus in fact paying the plaintiff a bonus of $3,000 on a $6,000 transaction. The entire record refutes such a claim. With these facts in mind, let us see what the stipulation to keep the "premises" insured meant. It requires no argument to demonstrate that it provided for the insurance of buildings or improvements liable to be destroyed by fire, but what buildings or improvements did it contemplate? The property covered by the bill of sale was recognized and treated by both parties as personal property belonging to the defendant; hence it must have been considered by them as distinct and separate from the land, and no part of the premises which the plaintiff contracted to convey to the defendant, and the premises which were to be insured were clearly the premises or the buildings and improvements which went with the land, and no others. These, as we have said, were not burned, and the plaintiff has no just claim upon the amount due for the loss of the others.

The judgment is AFFIRMED.